1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   LOUIS JOSEPH BOUDOUSQUIE,                No.  2:23-cv-00948-DAD-SCR

11                  Plaintiff,

12          v.                                FINDINGS AND RECOMMENDATIONS

13   U.S. DEPARTMENT OF THE ARMY, et
     al.
14
                    Defendants.
15

16          Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

17   to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Defendant's Motion to Dismiss ("Motion")

18   (ECF No. 16) was submitted without oral argument after full briefing (ECF Nos. 20, 21, & 22).

19   The undersigned now recommends that the Motion be granted.

20          I.      Procedural History and Background

21          Plaintiff filed this action on May 22, 2023.  ECF No. 1.  The complaint alleges that

22   Defendant U.S. Department of the Army/U.S. Army Corps of Engineers (hereafter "Defendant"

23   or "Army") engaged in "prohibited personnel practices" including sexual harassment and his

24   removal from employment.  ECF No. 1 at 2.  Plaintiff asserts as the basis for federal jurisdiction

25   the Federal Tort Claims Act.  *Id.*  The complaint does not contain concrete facts alleging

26   particular acts or omissions by identified Army staff.  Instead, Plaintiff makes references to facts

27   in unidentified "court and Agency records" and makes general allegations that working in a

28   "hostile, toxic, discriminatory work environment"—without an explanation of what was hostile,

                                                 1

toxic, or discriminatory about it—led him to develop an anxiety adjustment disorder and depression.  *Id.* at 2, 4.  Plaintiff alleges that he was wrongfully removed from his position as a Procurement Analyst on October 29, 2020.[1]  *Id.* at 5.

Plaintiff attached approximately 40 pages of exhibits to his complaint.  One of those exhibits is a February 11, 2022 decision from the Merit Systems Protection Board (MSPB) in Plaintiff's favor.  The MSPB decision details disputes between Plaintiff and a supervisor about Plaintiff's performance and Plaintiff's requests for medical-related accommodations.  The MSPB ordered the Army "to cancel [Plaintiff's] removal and to retroactively restore [Plaintiff] effective October 29, 2020."  ECF No. 1 at 32[2] (MSPB decision at 24).  The Army was also ordered to pay back pay.  *Id*.

After Plaintiff's reinstatement, he filed an administrative tort claim seeking $5 million for "deliberately inflicted" "stress" in connection with Army's actions, including the decision to remove him from his position.  Army received the tort claim on November 15, 2022.  ECF No. 16-3 (Green Decl. ¶ 3 & Exh. 1).  Plaintiff then amended his administrative tort claim on February 27, 2023, to ask for $80 million in damages.  *Id.* (Green Decl. ¶ 6 & Exh. 4).  Plaintiff filed this action on May 22, 2023.  Army denied his administrative tort claims in a letter dated June 7, 2023.  *Id.* (Green Decl. ¶ 7 & Exh. 5).

Plaintiff in this action seeks $150 million due to his alleged "ever-accelerating mental and physical deterioration," which he attributes to Defendant's bad acts.  ECF No. 1 at 6.

**II.     Defendant's Motion to Dismiss (ECF No. 16)**

Defendant moves to dismiss on three independent grounds: 1) the Civil Servants Reform Act ("CSRA"), Pub. L. 95-454, 92 Stat. 111, *et seq*. (codified, as amended in various sections of 5 U.S.C. (1982 ed. and Supp. IV)) is the exclusive remedy for addressing prohibited personnel actions; 2) Plaintiff did not exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), before filing suit; and 3) the only proper defendant in an FTCA

---

[1]  Defendant's Motion papers indicates the date was October 27, 2020.  ECF No. 16-1 at 1-2.  The specific date does not matter for purposes of resolving the Motion.
[2]  Page references such as this one are to the page number generated on the CM/ECF header.

1    action is the United States, which is not a named party.  ECF No. 16-1 at 1-2.

2        **A.  The Civil Servants Reform Act**

3        Defendant contends that the CSRA provides the comprehensive remedial scheme through

4    which federal employees may challenge prohibited personnel practices, citing 5 U.S.C. §§ 2302,

5    7512-13, 7701.  ECF No. 16-1 at 4.  Defendant contends that because Plaintiff challenged his

6    removal through the CSRA and ultimately prevailed at the MSPB, his current claim is preempted

7    and must be dismissed.

8        Congress enacted the CSRA in 1978 "to replace the old civil service system, an outdated

9    patchwork of statutes and rules built up over almost a century." *Mangano v. United States*, 529

10   F.3d 1243, 1245 (9th Cir. 2008) (internal quotation and citation omitted).  Congress created

11   through the CSRA "an integrated scheme of administrative and judicial review, designed to

12   balance the legitimate interests of the various categories of federal employees with the needs of

13   sound and efficient administration." *Id.* at 1246 (*citing United States v. Fausto*, 484 U.S. 439,

14   445 (1988)).  The CSRA "creates a remedial scheme through which federal employees can

15   challenge their supervisors' prohibited personnel practices." *Id.* at 1246 (internal quotation and

16   citation omitted).  Prohibited personnel practices are defined in 5 U.S.C. § 2302.  If the

17   challenged conduct falls within the scope of the CSRA's prohibited personnel practices, then the

18   CSRA's administrative procedure is the only remedy.  *See Mangano*, 529 F.3d at 1246.  The

19   CSRA's remedial scheme is "both exclusive and preemptive" and precludes FTCA claims.  *Id.*

20   Personnel-related claims are preempted even if no remedy is available under the CSRA.  *Id.*

21       Plaintiff specifically pleads that he challenges "prohibited personnel practices."  ECF No.

22   1 at 2.  Additionally, Plaintiff has already successfully pursued a remedy under the CSRA before

23   the MSPB under 5 U.S.C. §§ 7701, *et seq*.  "The CSRA preempts [Plaintiff's] FTCA claims in

24   this case [because] the conduct underlying his complaint can be challenged"—and was in fact so

25   challenged—"as 'prohibited personnel practices' within the meaning of the CSRA." *Mangano*,

26   529 F.3d at 1247; *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (finding CRSA

27   "provides the exclusive avenue for judicial review" even where employee framed challenge as a

28   constitutional claim).  "[P]ermitting FTCA claims to supplant the CSRA's remedial scheme

3

would defeat Congress' purpose of creating a single system of procedures and remedies, subject to judicial review." *Mangano*, 529 F.3d at 1246 (internal citation and quotation omitted).  The CSRA provides the exclusive remedy and Plaintiff's FTCA claim is preempted.  The Court recommends that the motion to dismiss be granted on this basis.

## B.  Federal Tort Claims Act

An independent basis for dismissal is failure to exhaust administrative remedies under the FTCA.  The FTCA provides, in part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. 2675(a).  Plaintiff submitted his administrative tort claim on November 15, 2022.  ECF No. 16-3 (Green Decl. at ¶ 3).  Plaintiff amended his claim on February 27, 2023.  *Id.* at ¶ 4.  Plaintiff then filed this action in May 2023, before the six months for administrative review had lapsed or his claim had been denied.  An agency is allowed six months, calculated from the date the claim is received by the agency, to review and resolve the claim.  *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a).  If a claimant submits an amended claim, the six-month period starts anew.  *See* 28 C.F.R. § 14.2(c) ("Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six months after the filing of an amendment.").

The requirement of administrative exhaustion is jurisdictional in nature.  *See McNeil v. United States*, 508 U.S. 106, 110-13 (1993) (affirming dismissal of FTCA case for lack of jurisdiction when it was instituted prior to "complete exhaustion" of administrative remedy process set forth in § 2675(a)).  In *McNeil*, the Supreme Court specifically rejected the approach that had been taken by some Circuits to "permit a prematurely filed FTCA action to proceed if no substantial progress has taken place in the litigation before the administrative remedies are exhausted."  *Id.* at 110.  Following *McNeil*, this Court has consistently held that a plaintiff may not cure this jurisdictional defect by prematurely filing an FTCA suit and then seeking to amend

4

his complaint after the administrative agency has denied the tort claim or the six months have expired. *See, e.g., Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 254 (E.D. Cal. 1993) ("Because 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."); *Soto v. United States,* No. 2:07-cv-0066 FCD DAD, 2007 WL 2601411, at *1, *3 (E.D. Cal., Sept. 6, 2007) (rejecting the plaintiff's request "to file an amended complaint after the administrative complaint requirement has been fulfilled" because the administrative exhaustion requirement "is jurisdictional in nature and must be fulfilled prior to the institution of an action").[3]

Plaintiff does not dispute that Defendant denied his tort claim in a letter dated June 7, 2023.  ECF No. 20 at 5.  Plaintiff also agrees that he amended his claim on February 7, 2023.  *Id.* at 7.  Plaintiff appears to concede that he filed the suit prior to exhaustion of administrative remedies, but did so with a "good faith but mistaken understanding an administrative remedy had been exhausted." *Id.*  In substance, Plaintiff requests the Court excuse his mistake.  But the exhaustion of administrative remedies is jurisdictional and non-waivable.  *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) ("[t]he FTCA's exhaustion requirement is jurisdictional and may not be waived") (internal citation omitted).  Plaintiff failed to exhaust administrative remedies prior to filing this action and Defendant's motion should be granted on this basis as well.

### III.   Conclusion

The Court recommends that Defendant's Motion be granted and this action dismissed because Plaintiff's claims are preempted by the CSRA.  Even if his FTCA claim was not preempted by the CSRA, Plaintiff failed to exhaust administrative remedies under the FTCA, which further supports dismissal.

---

[3]  By contrast, where a plaintiff has already instituted an action establishing federal court jurisdiction for other non-FTCA causes of action, that plaintiff may permissibly file an amended or supplemental complaint to add FTCA causes of action *after* administrative exhaustion is met. *See Martin v. Naval Criminal Inves. Service*, No 10-cv-1879 WQH, 2012 WL 1570840 (S.D. Cal., May 3, 2012).

1    Accordingly, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss

2 (ECF No. 16) be GRANTED and this action be dismissed for lack of subject matter jurisdiction

3 and that this case be closed.

4    These findings and recommendations will be submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after

6 being served with these findings and recommendations, either party may file written objections

7 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

8 Recommendations."  The parties are advised that failure to file objections within the specified time

9 may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153

10 (9th Cir. 1991).

11 DATED: December 27, 2024

12

13                                              SEAN C. RIORDAN
                                                UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28